**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN BRAVO, | No. 09-55362 |
| Plaintiff - Appellant, | D.C. No. 05-CV-08756-AG-JC |
| v. | MEMORANDUM[*] |
| RAUL LOPEZ, WARDEN, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted November 10, 2011
Pasadena, California

Before: SCHROEDER and REINHARDT, Circuit Judges, and HUDSON, District
Judge.[**]

Juan Bravo was found guilty in Los Angeles County Superior Court of

assaulting a public official.  After exhausting his state court remedies, Petitioner

brought this action under 28 U.S.C. § 2254(d)(1), asserting that the trial court's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Henry E. Hudson, United States District Judge for the
Eastern District of Virginia, sitting by designation.

decision pursuant to state rules of evidence to exclude the testimony of a forensic psychologist violated his due process right to present a complete defense.  Finding no constitutional infirmity in the trial court's ruling, the U.S. district court denied Petitioner's application for habeas relief.

This Court reviews the district court's application of § 2254 de novo. *Lunbery v. Hornbeak*, 605 F.3d 754, 759 (9th Cir. 2010).  Petitioner is entitled to relief only if the state trial court's decision constituted an objectively unreasonable application of clearly established federal law.  *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).  Because the evidentiary ruling at issue here steers well clear of that mark, we agree with the district court below.

In this case, the state court exercised its discretion in a reasoned and routine manner to exclude evidence which it deemed irrelevant, prejudicial, and likely to confuse or mislead the trier of fact.  The Court has determined that a constitutional violation occurs only when a defendant is deprived of "testimony [that] would have been *relevant* and *material*, and . . . *vital* to the defense."  *United States v. Valenzuela-Bernal*, 458 U.S. 940 (1982) (quoting *Washington v. Texas*, 388 U.S. 14, 16 (1967) (alterations in original) (internal quotation marks omitted).  In this case, the evidence excluded by the state court could not have provided a defense to the charges levied against the Petitioner, and its exclusion cannot form the basis for

a constitutional challenge. Accordingly, the purported error of the trial court in this case does not give rise to any federal question.

The district court correctly concluded that the decision of the state trial court did not contravene clearly established federal law. Petitioner is not entitled to relief under § 2254(d)(1).

**AFFIRMED.**